By the Court.—Sedgwick, Ch. J.
The defendant had been the tenant of the plaintiff for a term of one year that expired on May 1, 1887. The plaintiff sued for one month’s rent for the month from May to June, in 1887, on the claim that after the expiration of the term, the defendant had continued in possession of the premises, and by election of the plaintiff had become his tenant for a renewed term of one year. The rent under the first letting was payable in advance. The rent in question was claimed to be payable in advance on the first of May, and there is no dispute as to this, if the defendant was liable for rent at all.
The defendant’s testimony as a witness in the case, shows that there was in the fact of holding over by him, the ground of liability Avhich exists in such cases. Before May 1st, he had hired another store. May 1st was a Sunday. On May 2d he. moved partly from the premises. He did not suppose there was any particular hurry in getting out. On the morning of the 3d he was ill and left the place, instructing his book-keeper to give ■ the keys to the landlord, if he came, and to move the things out at once if anybody from the landlord asked for the keys. The book-keeper referred to, testified that beginning from afternoon of May 2d, two days were occupied in removing the goods and fixtures, at the same time insisting that the contents of the store might have been removed in a much shorter time.
There is here an intentional act of using for a time, for the plaintiff’s benefit, premises belonging to the landlord. The law empowers the landlord to treat this use during this time, as the use of defendant as a tenant, and on the conditions of the first letting. There is not in the facts, any unavoidable delay in moving. The *345 delay was intentional, the use of the premises was intentional, and there was no intention to remove at the end of the first year. There was an intention to remove after the lapse of a certain time, that would be convenient to the defendant.
It is argued however, that the plaintiff, upon the term ending, and through the time the defendant remained, expressed or made his election not to treat the defendant as tenant; or that it was a question for the jury of whether the plaintiff had not made such an election. The fact on which the defendant bases this is, that before the term had ended, and after the parties to this action had failed to agree for a new term, the plaintiff posted upon the building of wdiich the premises were a part, a bill i£ To Let, etc.” After May 1, the plaintiff allowed this bill to remain where it had been posted.
In view of this state of facts it is not necessary to say more than that the full significance of the bill being posted was not inconsistent with the defendant becoming a tenant, through his holding over, as it would not be with any other person becoming a tenant on an expressed agreement. In law, the holding over was as to the landlord, the tenant’s offer to become tenant for another year. When the offer was accepted, the bill would have no further operation. The posting of the bill and suffering it to remain, was certainly not an election to treat the holding over as a trespass.
An exception to be considered is to the court refusing to hold that the plaintiff not having given the defendant notice of his intention to hold him as a tenant, until after the defendant had entirely removed from the premises, it was too late to do so.
Of course it could not be held that the landlord must give express notice of election, at some point of time when the actual occupation continued, or at the exact point of time when it ceased. No act of removal would alter the right of the landlord based upon the earlier occupation, nor would it alter the character of the occu *346 pation, while it endured. An express notice would not be inefficacious, therefore, because given after the actual occupation had been ended. In this case notice was prompt. There is no intention to intimate that express notice was necessary, or that prompt notice is required by law.
I am of opinion that the defendant’s exceptions should he overruled, and that the plaintiff should have judgment on the verdict with costs.
Truax and Dugro, JJ. concurred.